FILED

12/16/2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: AF 09-0688

IN THE SUPREME COURT OF THE STATE OF MONTANA

AF 09-0688

_____

IN RE THE RULES OF PROFESSIONAL
CONDUCT

O R D E R

_____

After soliciting and considering comments on the proposal, the Court hereby adopts a proposed revision to Rule 1.18(e)(1) of the Montana Rules of Professional Conduct. The Montana Justice Foundation Board and the State Bar of Montana Board of Trustees jointly petitioned for the revision, regarding noncompliance with annual trust account and IOLTA reporting requirements. Similar to the rules regarding failure to pay state bar dues and other assessments, the revision gives the State Bar of Montana authority to suspend Montana attorneys from the practice of law if they fail to file annual IOLTA certification. A non-complying lawyer would receive written notice allowing the lawyer thirty days from the date of the notice to comply before the lawyer's license would be suspended. The revision is reflected in the text of the Montana Rules of Professional Conduct appended to this Order. The revision is effective immediately.

This Order shall be published on the Montana Supreme Court website and notice of this Order shall be posted on the website of the State Bar of Montana and in the next available issue of the *Montana Lawyer.*

The Clerk is directed to provide copies of this Order to the Montana State Law Library; the State Bar of Montana; Todd Everts, Connie Dixon, and Derek Gallagher at Montana Legislative Services Division; Helene Haapala and Colena Webb at Thomson Reuters; and Robert Roy and Patti Glueckert at LexisNexis.

Dated this 16th day of December, 2016.

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ LAURIE McKINNON

/S/ PATRICIA COTTER
/S/ MICHAEL E WHEAT
/S/ JAMES JEREMIAH SHEA
/S/ JIM RICE

# MONTANA RULES OF PROFESSIONAL CONDUCT

## PREAMBLE:  A LAWYER'S RESPONSIBILITIES

(1) A lawyer shall always pursue the truth.

(2) A lawyer, as a member of the legal profession, is a representative of clients, an officer of the legal system and a public citizen having special responsibility for the quality of justice.

(3) As a representative of clients, a lawyer performs various functions. In performance of any functions a lawyer shall behave consistently with the requirements of honest dealings with others. As advisor, a lawyer endeavors to provide a client with an informed understanding of the client's legal rights and obligations and explains their practical implications. As advocate, a lawyer asserts the client's position under the rules of the adversary system. As negotiator, a lawyer seeks a result advantageous to the client but consistent with requirements under these Rules of honest dealings with others. As an evaluator, a lawyer acts by examining a client's legal affairs and reporting about them.

(4) In addition to these representational functions, a lawyer may serve as a third-party neutral, a nonrepresentational role helping the parties to resolve a dispute or other matter. Some of these Rules apply directly to lawyers who are or have served as third-party neutrals. See, e.g., Rules 1.12 and 2.3. In addition, there are Rules that apply to lawyers who are not active in the practice of law or to practicing lawyers even when they are acting in a nonprofessional capacity. For example, a lawyer who commits fraud in the conduct of a business is subject to discipline for engaging in conduct involving dishonesty, fraud, deceit or misrepresentation. See Rule 8.4.

(5) In all professional functions a lawyer should be competent, prompt and diligent. Competence implies an obligation to keep abreast of changes in the law and its practice, including the benefits and risks associated with relevant technology.  A lawyer should maintain communication with a client concerning the representation. A lawyer should keep in confidence information relating to representation of a client except so far as disclosure is required or permitted by the Rules of Professional Conduct or other law.

(6) A lawyer's conduct should conform to the requirements of the law, both in professional service to clients and in the lawyer's business and personal affairs. A lawyer should use the law's procedures only for legitimate purposes and not to harass or intimidate others. A lawyer should demonstrate respect for the legal system and for those who serve it, including judges, other lawyers and public officials. While it is a lawyer's duty, when necessary, to challenge the rectitude of official action, it is also a lawyer's duty to uphold legal process.

(7) As a public citizen, a lawyer should seek improvement of the law, access to the legal system, the administration of justice and the quality of service rendered by the legal profession. As a member of a learned profession, a lawyer should cultivate knowledge of the law beyond its use for clients, employ that knowledge in reform of the law and work to strengthen legal education. In addition, a lawyer should further the public's understanding of and confidence in the rule of law and the justice system because legal institutions in a constitutional democracy depend on popular participation and support to

maintain their authority. A lawyer should be mindful of deficiencies in the administration of justice and of the fact that the poor, and sometimes persons who are not poor, cannot afford adequate legal assistance. Therefore, all lawyers should devote professional time and resources and use civic influence to ensure equal access to our system of justice for all those who because of economic or social barriers cannot afford or secure adequate legal counsel. A lawyer should aid the legal profession in pursuing these objectives and should help the bar regulate itself in the public interest.

(8) Many of a lawyer's professional responsibilities are prescribed in the Rules of Professional Conduct, as well as substantive and procedural law. However, a lawyer is also guided by personal conscience and the approbation of professional peers. A lawyer should strive to attain the highest level of skill, to improve the law and the legal profession and to exemplify the legal profession's ideals of public service.

(9) A lawyer's responsibilities as a representative of clients, an officer of the legal system and a public citizen are harmonious. A lawyer can be a dedicated advocate on behalf of a client, even an unpopular one, but in doing so must comply with these Rules of Professional Conduct. So also, a lawyer can be sure that preserving client confidences ordinarily serves the public interest because people are more likely to seek legal advice, and thereby heed their legal obligations, when they know their communications will be private.

(10) In the nature of law practice, however, conflicting responsibilities are encountered. Virtually all difficult ethical problems arise from conflict between a lawyer's responsibilities to clients, to the legal system and to the lawyer's own interest. The Rules of Professional Conduct often prescribe terms for resolving such conflicts. Within the framework of these Rules, however, many difficult issues of professional discretion can arise. Such issues must be resolved through the exercise of sensitive professional and moral judgment guided by the basic principles underlying the Rules. These principles include the lawyer's obligation to protect and pursue a client's legitimate interests, within the bounds of the law, while maintaining a professional, courteous and civil attitude toward all persons involved in the legal system.

(11) The legal profession is self-governing. Although other professions also have been granted powers of self-government, the legal profession is unique in this respect because of the close relationship between the profession and the processes of government and law enforcement. This connection is manifested in the fact that ultimate authority over the legal profession is vested in the courts.

(12) Self-regulation helps maintain the legal profession's independence from government domination. An independent legal profession is an important force in preserving government under law, for abuse of legal authority is more readily challenged by a profession whose members are not dependent on government for the right to practice.

(13) The legal profession's relative autonomy carries with it special responsibilities of self-government. The profession has a responsibility to assure that its regulations are conceived in the public interest and not in furtherance of parochial or self-interested concerns of the bar. Every lawyer is responsible for observance of the Rules of Professional Conduct. A lawyer should also aid in securing their observance by other

lawyers. Neglect of these responsibilities compromises the independence of the profession and the public interest which it serves.

(14) Lawyers play a vital role in the preservation of society. The fulfillment of this role requires an understanding by lawyers of their relationship to our legal system. All lawyers understand that, as officers of the court, they have a duty to be truthful, which engenders trust in both the profession and the rule of law. The Rules of Professional Conduct, when properly applied, serve to define that relationship. Trust in the integrity of the system and those who operate it is a basic necessity of the rule of law; accordingly truthfulness must be the hallmark of the legal profession, and the stock-in-trade of all lawyers.

(15) The Rules of Professional Conduct are rules of reason. They should be interpreted with reference to the purposes of legal representation and of the law itself. Some of the Rules are imperatives, cast in the terms "shall" or "shall not." These define proper conduct for purposes of professional discipline. Others, generally cast in the term "may," are permissive and define areas under the Rules in which the lawyer has discretion to exercise professional judgment. No disciplinary action should be taken when the lawyer chooses not to act or acts within the bounds of such discretion. Other Rules define the nature of relationships between the lawyer and others. The Rules are thus partly obligatory and disciplinary and partly constitutive and descriptive in that they define a lawyer's professional role. Many of the Comments use the term "should." Comments do not add obligations to the Rules but provide guidance for practicing in compliance with the Rules.

(16) The Rules presuppose a larger legal context shaping the lawyer's role. That context includes court rules and statutes relating to matters of licensure, laws defining specific obligations of lawyers and substantive and procedural law in general. The Comments are sometimes used to alert lawyers to their responsibilities under such other law.

(17) Compliance with the Rules, as with all law in an open society, depends primarily upon understanding and voluntary compliance, secondarily upon reinforcement by peer and public opinion and finally, when necessary, upon enforcement through disciplinary proceedings. The Rules do not, however, exhaust the moral and ethical considerations that should inform a lawyer, for no worthwhile human activity can be completely defined by legal rules. The Rules simply provide a framework for the ethical practice of law.

(18) Furthermore, for purposes of determining the lawyer's authority and responsibility, principles of substantive law external to these Rules determine whether a client-lawyer relationship exists. Most of the duties flowing from the client-lawyer relationship attach only after the client has requested the lawyer to render legal services and the lawyer has agreed to do so. But there are some duties, such as that of confidentiality under Rule 1.6, that attach when the lawyer agrees to consider whether a client-lawyer relationship shall be established. See Rule 1.20. Whether a client-lawyer relationship exists for any specific purpose can depend on the circumstances and may be a question of fact.

(19) Under various legal provisions, including constitutional, statutory and common law, the responsibilities of government lawyers may include authority concerning legal matters that ordinarily reposes in the client in private client-lawyer relationships. For

example, a lawyer for a government agency may have authority on behalf of the government to decide upon settlement or whether to appeal from an adverse judgment. Such authority in various respects is generally vested in the attorney general and the state's attorney in state government, and their federal counterparts, and the same may be true of other government law officers. Also, lawyers under the supervision of these officers may be authorized to represent several government agencies in intragovernmental legal controversies in circumstances where a private lawyer could not represent multiple private clients. These Rules do not abrogate any such authority.

(20) Failure to comply with an obligation or prohibition imposed by a Rule is a basis for invoking the disciplinary process. The Rules presuppose that disciplinary assessment of a lawyer's conduct will be made on the basis of the facts and circumstances as they existed at the time of the conduct in question and in recognition of the fact that a lawyer often has to act upon uncertain or incomplete evidence of the situation. Moreover, the Rules presuppose that whether or not discipline should be imposed for a violation, and the severity of a sanction, depend on all the circumstances, such as the willfulness and seriousness of the violation, extenuating factors and whether there have been previous violations.

(21) Violation of a Rule should not itself give rise to a cause of action against a lawyer nor should it create any presumption in such a case that a legal duty has been breached. In addition, violation of a Rule does not necessarily warrant any other nondisciplinary remedy, such as disqualification of a lawyer in pending litigation. The Rules are designed to provide guidance to lawyers and to provide a structure for regulating conduct through disciplinary agencies. They are not designed to be a basis for civil liability. Furthermore, the purpose of the Rules can be subverted when they are invoked by opposing parties as procedural weapons. The fact that a Rule provides just basis for self-assessment by a lawyer of his/her conduct or a basis for sanctioning a lawyer under the disciplinary process does not imply that an opposing party or lawyer has standing to seek enforcement of the Rules in a collateral proceeding or transaction outside of the disciplinary process.

## RULE 1.0:  TERMINOLOGY

(a) "Belief" or "believes" denotes that the person involved actually supposed the fact in question to be true. A person's belief may be inferred from circumstances.

(b) "Bona fide" denotes in or with good faith; honestly, openly, and sincerely; without deceit or fraud.

(c) "Consult" or "consultation" denotes communication of information reasonably sufficient to permit the client to appreciate the significance of the matter in question.

(d) "Confirmed in writing," when used in reference to the informed consent of a person, denotes informed consent that is given in writing by the person or a writing that a lawyer promptly transmits to the person confirming an oral informed consent. See paragraph (g) for the definition of "informed consent." If it is not feasible to obtain or transmit the writing at the time the person gives informed consent, then the lawyer must obtain or transmit it within a reasonable time thereafter.

(e) "Firm" or "law firm" denotes a lawyer or lawyers in a law partnership, professional corporation, sole proprietorship or other association authorized to practice law; or lawyers employed in a legal services organization or the legal department of a corporation or other organization.

(f) "Fraud" or "fraudulent" denotes conduct that is fraudulent under the substantive or procedural law of the applicable jurisdiction and has a purpose to deceive.

(g) "Informed consent" denotes the agreement by a person to a proposed course of conduct after the lawyer has communicated adequate information and explanation about the material risks of and reasonably available alternatives to the proposed course of conduct.

(h) "Knowingly," "known" or "knows" denotes actual knowledge of the fact in question. A person's knowledge may be inferred from circumstances.

(i) "Partner" denotes a member of a law partnership, a shareholder in a law firm organized as a professional corporation, or a member of an association authorized to practice law.

(j) "Reasonable" or "reasonably" when used in relation to conduct by a lawyer denotes the conduct of a reasonably prudent and competent lawyer.

(k) "Reasonable belief" or "reasonably believes" when used in reference to a lawyer denotes that the lawyer believes the matter in question and that the circumstances are such that the belief is reasonable.

(l) "Reasonably should know" when used in reference to a lawyer denotes that a lawyer of reasonable prudence and competence would ascertain the matter in question.

(m) "Screened" denotes the isolation of a lawyer from any participation in a matter through the timely imposition of procedures within a firm that are reasonably adequate under the circumstances to protect information that the isolated lawyer is obligated to protect under these Rules or other law.

(n) "Substantial" when used in reference to degree or extent denotes a material matter of clear and weighty importance.

(o) "Tribunal" denotes a court, an arbitrator in a binding arbitration proceeding or a legislative body, administrative agency or other body acting in an adjudicative capacity. A legislative body, administrative agency or other body acts in an adjudicative capacity when a neutral official, after the presentation of evidence or legal argument by a party or parties, will render a binding legal judgment directly affecting a party's interests in a particular matter.

(p) "Writing" or "written" denotes a tangible or electronic record of a communication or representation, including handwriting, typewriting, printing, Photostatting, photography, audio or video recording, and electronic communications. A "signed" writing includes the electronic equivalent of a signature, such as an electronic sound, symbol or process, which is attached to a writing and executed or adopted by a person with the intent to sign the writing.

**CLIENT-LAWYER RELATIONSHIP**

**RULE 1.1: COMPETENCE**

A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation.

**RULE 1.2: SCOPE OF REPRESENTATION AND ALLOCATION OF AUTHORITY BETWEEN CLIENT AND LAWYER**

(a) Subject to paragraphs (c) and (d), a lawyer shall abide by a client's decisions concerning the objectives of representation and, as required by Rule 1.4, shall consult with the client as to the means by which they are to be pursued. A lawyer may take such action on behalf of the client as is impliedly authorized to carry out the representation. A lawyer shall abide by a client's decision whether to settle a matter. In a criminal case, the lawyer shall abide by the client's decision, after consultation with the lawyer, as to a plea to be entered, whether to waive jury trial and whether the client will testify.

(b) A lawyer's representation of a client, including representation by appointment, does not constitute an endorsement of the client's political, economic, social or moral views or activities.

(c) A lawyer may limit the scope of the representation if the limitation is reasonable under the circumstances and the client gives informed consent in writing.

> (1) The client's informed consent must be confirmed in writing unless:
>> (i) the representation of the client consists solely of telephone consultation;
>> (ii) the representation is provided by a lawyer employed by a nonprofit legal services program or participating in a nonprofit court-annexed legal services program and the lawyer's representation consists solely of providing information and advice or the preparation of court-approved legal forms; or
>> (iii) the court appoints the attorney for a limited purpose that is set forth in the appointment order.
>
> (2) If the client gives informed consent in writing signed by the client, there shall be a presumption that:
>> (i) the representation is limited to the attorney and the services described in the writing; and
>> (ii) the attorney does not represent the client generally or in matters other than those identified in the writing.

(d) A lawyer shall not counsel a client to engage, or assist a client, in conduct that the lawyer knows is criminal or fraudulent, but a lawyer may discuss the legal consequences of any proposed course of conduct with a client and may counsel or assist a client to make a good faith effort to determine the validity, scope, meaning or application of the law.

## RULE 1.3:  DILIGENCE
A lawyer shall act with reasonable diligence and promptness in representing a client.

## RULE 1.4:  COMMUNICATION
(a) A lawyer shall:

> (1) promptly inform the client of any decision or circumstance with respect to which the client's informed consent, as defined in Rule 1.0(g), is required by these Rules;
> (2) reasonably consult with the client about the means by which the client's objectives are to be accomplished;
> (3) keep the client reasonably informed about the status of the matter;
> (4) promptly comply with reasonable requests for information; and
> (5) consult with the client about any relevant limitation on the lawyer's conduct when the lawyer knows that the client expects assistance not permitted by the Rules of Professional Conduct or other law.

(b) A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.

## RULE 1.5:  FEES
(a) A lawyer shall not make an agreement for, charge or collect an unreasonable fee or an unreasonable amount for expenses. The factors to be considered in determining the reasonableness of a fee include the following:

> (1) the time and labor required, the novelty and difficulty of the questions involved and the skill requisite to perform the legal service properly;
> (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
> (3) the fee customarily charged in the locality for similar legal services;
> (4) the amount involved and the results obtained;
> (5) the time limitations imposed by the client or by the circumstances;
> (6) the nature and length of the professional relationship with the client;
> (7) the experience, reputation and ability of the lawyer or lawyers performing the services; and
> (8) whether the fee is fixed or contingent.

(b) The scope of the representation and the basis or rate of the fee and expenses for which the client will be responsible shall be communicated to the client in writing, before or within a reasonable time after commencing the representation, except when the lawyer will charge a regularly represented client on the same basis or rate. Any changes in the basis or rate of the fee or expenses shall also be communicated in writing. This paragraph does not apply in any matter in which it is reasonably foreseeable that total cost to a client, including attorney fees, will be $500 or less.

(c) A fee may be contingent on the outcome of the matter for which the service is rendered, except in a matter in which a contingent fee is prohibited by paragraph (d) or other law. A contingent fee agreement shall be in a writing signed by the client and shall

state the method by which the fee is to be determined, including the percentage or percentages that shall accrue to the lawyer in the event of settlement, trial or appeal; litigation and other expenses to be deducted from the recovery; and whether such expenses are to be deducted before or after the contingent fee is calculated. The agreement must clearly notify the client of any expenses for which the client will be liable whether or not the client is the prevailing party. Upon conclusion of a contingent fee matter, the lawyer shall provide the client with a written statement stating the outcome of the matter and, if there is a recovery, showing the remittance to the client and the method of its determination.

(d) A lawyer shall not enter into an arrangement for, charge or collect:

    (1) any fee in a domestic relations matter, the payment or amount of which is contingent upon the securing of a divorce or upon the amount of maintenance or support or property settlement in lieu thereof; or

    (2) a contingent fee for representing a defendant in a criminal case.

(e) A division of a fee between lawyers who are not in the same firm may be made only if:

    (1) the division is in proportion to the services performed by each lawyer or each lawyer assumes joint responsibility for the representation;

    (2) the client agrees to the arrangement, including the share each lawyer will receive, and the agreement is confirmed in writing; and

    (3) the total fee is reasonable.

## RULE 1.6: CONFIDENTIALITY OF INFORMATION

(a) A lawyer shall not reveal information relating to the representation of a client unless the client gives informed consent, the disclosure is impliedly authorized in order to carry out the representation or the disclosure is permitted by paragraph (b).

(b) A lawyer may reveal information relating to the representation of a client to the extent the lawyer reasonably believes necessary:

    (1) to prevent reasonably certain death or substantial bodily harm;

    (2) to secure legal advice about the lawyer's compliance with these Rules;

    (3) to establish a claim or defense on behalf of the lawyer in a controversy between the lawyer and the client, to establish a defense to a criminal charge or civil claim against the lawyer based upon conduct in which the client was involved or to respond to allegations in any proceeding concerning the lawyer's representation of the client; or

    (4) to comply with other law or a court order.

(c) A lawyer shall make reasonable efforts to prevent the inadvertent or unauthorized disclosure of, or unauthorized access to, information relating to the representation of a client.

**RULE 1.7:  CONFLICT OF INTEREST: CURRENT CLIENTS**

(a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:

> (1) the representation of one client will be directly adverse to another client; or
>
> (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.

(b) Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if:

> (1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;
>
> (2) the representation is not prohibited by law;
>
> (3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and
>
> (4) each affected client gives informed consent, confirmed in writing.

**RULE 1.8:   CONFLICT OF INTEREST: CURRENT CLIENTS: SPECIFIC RULES**

(a) A lawyer shall not enter into a business transaction with a client or knowingly acquire an ownership, possessory, security or other pecuniary interest adverse to a client unless:

> (1) the transaction and terms on which the lawyer acquires the interest are fair and reasonable to the client and are fully disclosed and transmitted in writing to the client in a manner that can be reasonably understood by the client;
>
> (2) in matters in which a lawyer wishes to assert a retaining lien against client property, papers or materials in the lawyer's possession to secure payment for the lawyer's services and costs advanced relating to such property, papers or materials, a written agreement for such a lien shall expressly set forth the limitations contained in paragraph (i)(3);
>
> (3) the client is advised in writing of the desirability of seeking and is given a reasonable opportunity to seek the advice of independent legal counsel on the transaction; and
>
> (4) the client gives informed consent, in a writing signed by the client, to the essential terms of the transaction and the lawyer's role in the transaction, including whether the lawyer is representing the client in the transaction.

(b) A lawyer shall not use information relating to representation of a client to the disadvantage of the client unless the client gives informed consent, except as permitted or required by these Rules.

(c) A lawyer shall not solicit any substantial gift from a client, including a testamentary gift, or prepare on behalf of a client an instrument giving the lawyer or a person related to the lawyer any substantial gift unless the lawyer or other recipient of the gift is related to

the client. For purposes of this paragraph, related persons include a spouse, child, grandchild, parent, grandparent or other relative.

(d) Prior to the conclusion of representation of a client, a lawyer shall not make or negotiate an agreement giving the lawyer literary or media rights to a portrayal or account based in substantial part on information relating to the representation.

(e) A lawyer shall not provide financial assistance to a client in connection with pending or contemplated litigation, except that:

(1) a lawyer may advance court costs and expenses of litigation, the repayment of which may be contingent on the outcome of the matter;

(2) a lawyer representing an indigent client may pay court costs and expenses of litigation on behalf of the client;

(3) a lawyer may, for the sole purpose of providing basic living expenses, guarantee a loan from a regulated financial institution whose usual business involves making loans if such loan is reasonably needed to enable the client to withstand delay in litigation that would otherwise put substantial pressure on the client to settle a case because of financial hardship rather than on the merits, provided the client remains ultimately liable for repayment of the loan without regard to the outcome of the litigation and, further provided that neither the lawyer nor anyone on his/her behalf offers, promises or advertises such financial assistance before being retained by the client.

(f) A lawyer shall not accept compensation for representing a client from one other than the client unless:

(1) the client gives written informed consent;

(2) there is no interference with the lawyer's independence of professional judgment or with the client-lawyer relationship; and

(3) information relating to representation of a client is protected as required by Rule 1.6.

(g) A lawyer who represents two or more clients shall not participate in making an aggregate settlement of the claims of or against the clients, or in a criminal case an aggregated agreement as to guilty or nolo contendere pleas, unless each client gives informed consent, in a writing signed by the client. The lawyer's disclosure shall include the existence and nature of all the claims or pleas involved and of the participation of each person in the settlement.

(h) A lawyer shall not:

(1) make an agreement prospectively limiting the lawyer's liability to a client for malpractice unless the client is independently represented in making the agreement; or

(2) settle a claim or potential claim for such liability with an unrepresented client or former client unless that person is advised in writing of the desirability of seeking and is given a reasonable opportunity to seek the advice of independent legal counsel in connection therewith.

(i) A lawyer shall not acquire a proprietary interest in the cause of action or subject matter of litigation the lawyer is conducting for a client, except that the lawyer:

(1) may acquire and assert a charging lien only against causes of action or counterclaims in litigation pursuant to and only to the extent specified in MCA 37-61-420(2); such a charging lien does not extend to other client property, papers or materials in the lawyer's possession, to any matter not in litigation, or to any matter otherwise not covered by the specific language of MCA 37-61-420(2);

(2) may contract with a client for a reasonable contingent fee in a civil case; and

(3) may not acquire or assert a retaining lien to secure payment due for the lawyer's services against any client property, papers or materials other than those related to the matter for which payment has not been made and, upon termination of representation, shall deliver to the client any client property, papers or materials reasonably necessary to protect the client's interest in the matter to which the property, papers or materials relate as provided in Rule 1.16(d).

(j) A lawyer shall not have sexual relations with a client unless a consensual sexual relationship existed between them when the client-lawyer relationship commenced.

(k) While lawyers are associated in a firm, a prohibition in the foregoing paragraphs (a) through (i) that applies to any one of them shall apply to all of them.

## RULE 1.9:  DUTIES TO FORMER CLIENTS

(a) A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.

(b) A lawyer shall not knowingly represent a person in the same or a substantially related matter in which a firm with which the lawyer formerly was associated had previously represented a client:

(1) whose interests are materially adverse to that person; and

(2) about whom the lawyer had acquired information protected by Rules 1.6 and 1.9(c) that is material to the matter; unless the former client gives informed consent, confirmed in writing.

(c) A lawyer who has formerly represented a client in a matter or whose present or former firm has formerly represented a client in a matter shall not thereafter:

(1) use information relating to the representation to the disadvantage of the former client except as these Rules would permit or require with respect to a client, or when the information has become generally known; or

(2) reveal information relating to the representation except as these Rules would permit or require with respect to a client.

## RULE 1.10:  IMPUTATION OF CONFLICTS OF INTEREST: GENERAL RULE

(a) While lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by Rules 1.7 or 1.9 unless the prohibition is based on a personal interest of the prohibited lawyer and does not present a significant risk of materially limiting the representation of the client by the remaining lawyers in the firm.

(b) When a lawyer has terminated an association with a firm, the firm is not prohibited from thereafter representing a person with interests materially adverse to those of a client represented by the formerly associated lawyer and not currently represented by the firm, unless:

> (1) the matter is the same or substantially related to that in which the formerly associated lawyer represented the client; and
> (2) any lawyer remaining in the firm has information protected by Rules 1.6 and 1.9(c) that is material to the matter.

(c) When a lawyer becomes associated with a firm, no lawyer associated in the firm shall knowingly represent a person in a matter in which that lawyer is disqualified under Rule 1.9 unless:

> (1) the personally disqualified lawyer is timely screened from any participation in the matter and is apportioned no part of the fee therefrom; and
> (2) written notice is promptly given to any affected former client to enable it to ascertain compliance with the provisions of this Rule.

(d) A disqualification prescribed by this Rule may be waived by the affected client under the conditions stated in Rule 1.7.

(e) The disqualification of lawyers associated in a firm with former or current government lawyers is governed by Rule 1.11.

## RULE 1.11: SPECIAL CONFLICTS OF INTEREST FOR FORMER AND CURRENT GOVERNMENT OFFICERS AND EMPLOYEES

(a) Except as law may otherwise expressly permit, a lawyer who has formerly served as a public officer or employee of the government:

> (1) is subject to Rule 1.9(c); and
> (2) shall not otherwise represent a client in connection with a matter in which the lawyer participated personally and substantially as a public officer or employee, unless the appropriate government agency gives its informed consent, confirmed in writing, to the representation.

(b) When a lawyer is disqualified from representation under paragraph (a), no lawyer in a firm with which that lawyer is associated may knowingly undertake or continue representation in such a matter unless:

> (1) the disqualified lawyer is timely screened from any participation in the matter and is apportioned no part of the fee therefrom; and
> (2) written notice is promptly given to the appropriate government agency to enable it to ascertain compliance with the provisions of this Rule.

(c) Except as law may otherwise expressly permit, a lawyer having information that the lawyer knows is confidential government information about a person acquired when the lawyer was a public officer or employee, may not represent a private client whose interests are adverse to that person in a matter in which the information could be used to the material disadvantage of that person. As used in this Rule, the term "confidential government information" means information that has been obtained under governmental authority and which, at the time this Rule is applied, the government is prohibited by law

from disclosing to the public or has a legal privilege not to disclose and which is not otherwise available to the public. A firm with which that lawyer is associated may undertake or continue representation in the matter only if the disqualified lawyer is timely screened from any participation in the matter and is apportioned no part of the fee therefrom.

(d) Except as law may otherwise expressly permit, a lawyer currently serving as a public officer or employee:

(1) is subject to Rules 1.7 and 1.9; and

(2) shall not:

(i) participate in a matter in which the lawyer participated personally and substantially while in private practice or nongovernmental employment, unless the appropriate government agency gives its informed consent, confirmed in writing; or

(ii) negotiate for private employment with any person who is involved as a party or as lawyer for a party in a matter in which the lawyer is participating personally and substantially, except that a lawyer serving as a law clerk to a judge, other adjudicative officer or arbitrator may negotiate for private employment as permitted by Rule 1.12(b) and subject to the conditions stated in Rule 1.12(b).

(e) As used in this Rule, the term "matter" includes:

(1) any judicial or other proceeding, application, request for a ruling or other determination, contract, claim, controversy, investigation, charge, accusation, arrest or other particular matter involving a specific party or parties; and

(2) any other matter covered by the conflict of interest rules of the appropriate government agency.

**RULE 1.12:   FORMER JUDGE, ARBITRATOR, SETTLEMENT MASTER, MEDIATOR, OR OTHER THIRD-PARTY NEUTRAL**

(a) Except as stated in paragraph (d), a lawyer shall not represent anyone in connection with a matter in which the lawyer participated personally and substantially as a judge or other adjudicative officer or law clerk to such a person or as an arbitrator, settlement master, mediator or other third-party neutral, unless all parties to the proceeding give informed consent, confirmed in writing.

(b) A lawyer shall not negotiate for employment with any person who is involved as a party or as lawyer for a party in a matter in which the lawyer is participating personally and substantially as a judge or other adjudicative officer or as an arbitrator, settlement master, mediator or other third-party neutral. A lawyer serving as a law clerk to a judge or other adjudicative officer may negotiate for employment with a party or lawyer involved in a matter in which the clerk is participating personally and substantially, but only after the lawyer has notified the judge or other adjudicative officer.

(c) If a lawyer is disqualified by paragraph (a), no lawyer in a firm with which that lawyer is associated may knowingly undertake or continue representation in the matter unless:

(1) the disqualified lawyer is timely screened from any participation in the matter and is apportioned no part of the fee therefrom; and

(2) written notice is promptly given to the parties and any appropriate tribunal to enable them to ascertain compliance with the provisions of this Rule.

(d) An arbitrator selected as a partisan of a party in a multimember arbitration panel is not prohibited from subsequently representing that party.

## RULE 1.13: ORGANIZATION AS CLIENT

(a) A lawyer employed or retained by an organization represents the organization acting through its duly authorized constituents.

(b) If a lawyer for an organization knows that an officer, employee or other person associated with the organization is engaged in action, intends to act or refuses to act in a matter related to the representation that is a violation of a legal obligation to the organization, or a violation of law which reasonably might be imputed to the organization, and is likely to result in substantial injury to the organization, the lawyer shall proceed as is reasonably necessary in the best interest of the organization. In determining how to proceed, the lawyer shall give due consideration to the seriousness of the violation and its consequences, the scope and nature of the lawyer's representation, the responsibility in the organization and the apparent motivation of the person involved, the policies of the organization concerning such matters and any other relevant considerations. Any measures taken shall be designed to minimize disruption of the organization and the risk of revealing information relating to the representation to persons outside the organization. Such measures may include among others:

(1) asking for reconsideration of the matter;

(2) advising that a separate legal opinion on the matter be sought for presentation to appropriate authority in the organization; and

(3) referring the matter to higher authority in the organization, including, if warranted by the seriousness of the matter, referral to the highest authority that can act on behalf of the organization as determined by applicable law.

(c) If, despite the lawyer's efforts in accordance with paragraph (b), the highest authority that can act on behalf of the organization insists upon action, or a refusal to act, that is clearly a violation of law and is likely to result in substantial injury to the organization, the lawyer may resign in accordance with Rule 1.16.

(d) In dealing with an organization's directors, officers, employees, members, shareholders or other constituents, a lawyer shall explain the identity of the client when the lawyer knows or reasonably should know that the organization's interests are adverse to those of the constituents with whom the lawyer is dealing.

(e) A lawyer representing an organization may also represent any of its directors, officers, employees, members, shareholders or other constituents, subject to the provisions of Rule 1.7. If the organization's consent to the dual representation is required by Rule 1.7, the consent shall be given by an appropriate official of the organization other than the individual who is to be represented, or by the shareholders.

**RULE 1.14:  CLIENT WITH DIMINISHED CAPACITY**

(a) When a client's capacity to make adequately considered decisions in connection with a representation is diminished, whether because of minority, mental impairment or for some other reason, the lawyer shall, as far as reasonably possible, maintain a normal client-lawyer relationship with the client.

(b) When the lawyer reasonably believes that the client has diminished capacity, is at risk of substantial physical, financial or other harm unless action is taken and cannot adequately act in the client's own interest, the lawyer may take reasonably necessary protective action, including consulting with individuals or entities that have the ability to take action to protect the client and, in appropriate cases, seeking the appointment of a guardian ad litem, conservator or guardian.

(c) Information relating to the representation of a client with diminished capacity is protected by Rule 1.6. When taking protective action pursuant to paragraph (b), the lawyer is impliedly authorized under Rule 1.6(a) to reveal information about the client, but only to the extent reasonably necessary to protect the client's interests.

**RULE 1.15:  SAFEKEEPING PROPERTY**

(a) A lawyer shall hold property of clients or third persons that is in a lawyer's possession in connection with a representation separate from the lawyer's own property. Funds shall be kept in accordance with Rule 1.18 and this Rule. Other property shall be identified as such and appropriately safeguarded. Complete records of such account funds and other property shall be kept by the lawyer and shall be preserved for a period of five years after termination of the representation.

(b) Upon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person. Except as stated in this Rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall promptly render a full accounting regarding such property.

(c) When in the course of representation a lawyer is in possession of property in which both the lawyer and another person claim interests, the property shall be kept separate by the lawyer until there is an accounting and severance of their interests. If a dispute arises concerning their respective interests, the portion in dispute shall be kept separate by the lawyer until the dispute is resolved.

**RULE 1.16:  DECLINING OR TERMINATING REPRESENTATION**

(a) Except as stated in paragraph (c), a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if:

> (1) the representation will result in violation of the Rules of Professional Conduct or other law;
>
> (2) the lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client; or
>
> (3) the lawyer is discharged.

(b) Except as stated in paragraph (c), a lawyer may withdraw from representing a client if:

> (1) withdrawal can be accomplished without material adverse effect on the interests of the client;
> (2) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;
> (3) the client has used the lawyer's services to perpetrate a crime or fraud;
> (4) the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement;
> (5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
> (6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or
> (7) other good cause for withdrawal exists.

(c) A lawyer must comply with applicable law requiring notice to or permission of a tribunal when terminating a representation. When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation.

(d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. A lawyer is entitled to retain and is not obliged to deliver to a client or former client papers or materials personal to the lawyer or created or intended for internal use by the lawyer except as required by the limitations on the retaining lien in Rule 1.8(i). Except for those client papers which a lawyer may properly retain under the preceding sentence, a lawyer shall deliver either the originals or copies of papers or materials requested or required by a client or former client and bear the copying costs involved.

## RULE 1.17: GOVERNMENT EMPLOYMENT

An attorney employed full time by the State of Montana or a political subdivision shall not accept other employment during the course of which it would be possible to use or otherwise rely on information obtained by reason of government employment that is injurious, confidential or privileged and not otherwise discoverable.

## RULE 1.18: INTEREST ON LAWYER TRUST ACCOUNTS (IOLTA) PROGRAM

(a) Purpose. The purpose of the Interest on Lawyer Trust Accounts (IOLTA) program is to provide funds for the Montana Justice Foundation to pay the reasonable costs of administering the program and to make grants to entities with missions within the following general categories:

(1) Providing legal services, through both paid staff program(s) and pro bono program(s), to Montana's low income citizens who would otherwise be unable to obtain legal assistance;

(2) promoting a knowledge and awareness of the law; and

(3) improving the administration of justice.

(b) Required participation. IOLTA program participation is mandatory, except as provided in subsection (d), below. Every non-exempt lawyer admitted to practice in Montana, and/or every law firm composed of any such lawyers, which receives client funds, shall establish and maintain an interest-bearing trust account for pooled client funds, termed an "IOLTA Trust Account." Each lawyer/firm shall also establish separate interest-bearing trust accounts for individual clients, termed "Client Trust Accounts," when appropriate pursuant to this Rule.

(c) Administration.

(1) Deposits of clients' funds.

(A) All client funds paid to a lawyer/firm, including advances for costs and expenses, shall be deposited and maintained in one or more identifiable interest-bearing trust accounts (Trust Accounts) in the State of Montana. No funds belonging to the lawyer/firm shall be deposited into a Trust Account except:

(i) funds reasonably sufficient to pay account charges not offset by interest;

(ii) an amount to meet a minimum balance requirement for the waiver of service charges; and/or

(iii) funds belonging in part to a client and in part presently or potentially to the lawyer/firm, but the portion belonging to the lawyer/firm shall be withdrawn when due unless the right of the lawyer/firm to such funds is disputed by the client, in which event the disputed portion shall remain in the account until the dispute is resolved.

(B) The lawyer/firm shall comply with all Rules relating to preserving the identity of clients' funds and property.

(C) Every Trust Account shall be established with a federally-insured and state or federally regulated financial institution authorized by federal or state law to do business in Montana. Funds in each Trust Account shall be subject to immediate withdrawal.

(D) The interest rate payable on a Trust Account shall not be less than the rate paid to non-lawyer depositors. Higher rates offered for deposits meeting certain criteria, such as certificates of deposit, may be obtained on Trust Account funds if immediate withdrawal is available.

(E) Every Trust Account shall bear the name of the lawyer/firm and be clearly designated as either an IOLTA Trust Account or a Client Trust Account established under this Rule.

(2) IOLTA Trust Accounts. Every IOLTA Trust Account shall comply with the following provisions:

 (A) The lawyer/firm shall maintain all client funds that are either nominal in amount or to be held for a short period of time in an IOLTA Trust Account.

 (B) No client may elect whether his/her funds should be deposited in an IOLTA Trust Account, receive interest or dividends earned on funds in an IOLTA Trust Account, or compel a lawyer/firm to invest funds that are nominal in amount or to be held for a short period of time in a Client Trust Account.

 (C) The determination of whether a client's funds are nominal in amount or to be held for a short period of time rests solely in the sound judgment of each lawyer/firm. No charge of professional misconduct or ethical impropriety shall result from a lawyer's exercise of good faith judgment in that regard.

 (D) To determine if a client's funds should be deposited in an IOLTA Trust Account, a lawyer/firm may be guided by considering:

  (i) the amount of interest the funds would earn during the period they are expected to be deposited;

  (ii) the costs of establishing and administering the account, including the lawyer's/firm's fees, accounting fees and tax reporting requirements;

  (iii) the amount of funds involved, the period of time they are expected to be held and the financial institution's minimum balance requirements and service charges;

  (iv) the financial institution's ability to calculate and pay interest to individual clients; and

  (v) the likelihood of delay in the relevant transaction or proceeding.

 (E) The lawyer/firm shall require the financial institution in which the IOLTA Trust Account is established to:

  (i) remit to the Montana Justice Foundation, at least quarterly, all interest or dividends on the average monthly balance in the IOLTA Trust Account, or as otherwise computed according to the institution's standard accounting practices, less reasonable service fees, if any;

  (ii) with each remittance, provide the Montana Justice Foundation and the lawyer/firm with a statement showing for which lawyer/firm the remittance is sent, the period covered, the rate of interest applied, the total amount of interest earned, any service fees assessed against the account and the net amount of interest remitted;

  (iii) charge no fees against an IOLTA Trust Account greater than fees charged to non-lawyer depositors for similar accounts, or which are otherwise unreasonable; and

(iv) collect no fees from the principal deposited in the IOLTA Trust Account.

(F) Annually the Montana Justice Foundation shall make available a list of all financial institutions offering IOLTA accounts and meeting this Rule's IOLTA depository qualifying requirements. Lawyers/firms shall be entitled to rely on the most recently published list for purposes of IOLTA Rule compliance. The Montana Justice Foundation shall pay all service charges incurred in operating an IOLTA Trust Account from IOLTA funds, to the extent the charges exceed those incurred in operating non-interest-bearing checking accounts at the same financial institution.

(G) Confidentiality. The Montana Justice Foundation shall protect the confidentiality of information regarding Trust Accounts pursuant to this Rule.

(3) Non-IOLTA client Trust Accounts. All client funds shall be deposited in an IOLTA Trust Account, unless they are deposited in a separate interest-bearing account for a particular client's matter with the net interest paid to the client. Such interest must be held in trust as the property of the client as provided in this Rule for the principal funds of the client.

(d) A lawyer/firm is exempt from this Rule's requirements if:

(1) the nature of their practice is such that no client funds are ever received requiring a Trust Account;

(2) the lawyer practices law in another jurisdiction and not in Montana;

(3) the lawyer is a full-time judge, or government, military or inactive lawyer; or

(4) the Montana Justice Foundation's Board of Directors, on its own motion, exempts the lawyer/firm from participation in the program for a period of no more than two years when:

(A) service charges on the lawyer's/firm's Trust Account equal or exceed any interest generated; or

(B) no financial institution in the county where the lawyer/firm does business will accept IOLTA accounts.

(e) Lawyer filings and records.

(1) Filings. Each lawyer/firm shall file an annual certificate of compliance with or exemption from this Rule with the Montana Justice Foundation. The certification must include the name of the lawyer/firm listed on the account, the account number, and the financial institution name and address. The certification may be made in conjunction with the annual dues billing process. Failure to provide the certification may result in suspension from the practice of law in this state until the lawyer complies with the requirements of this Rule. Such suspension will be effected pursuant to the Rules of the State Bar of Montana governing a lawyer's failure to pay dues and assessments.

(2) Records. Lawyer trust accounts shall be maintained as prescribed by the Montana Supreme Court in the "Trust Account Maintenance and Audit Requirements" (adopted February 27, 1989).

(f) Implementation. Implementation will be effected through this Rule and the Rules of the State Bar of Montana, all as amended and approved by the Montana Supreme Court.

**RULE 1.19:  SALE OF LAW PRACTICE**

A lawyer or a law firm may sell or purchase a law practice, including good will, if the following conditions are satisfied:

(a) The seller ceases to engage in the private practice of law in the geographic area in which the practice has been conducted.

(b) The entire practice is sold to one or more lawyers or law firms.

(c) Actual written notice is given to each of the seller's clients regarding:

      (1) the proposed sale;

      (2) the client's right to retain other counsel or to take possession of the file; and

      (3) the fact that the client's consent to the sale will be presumed if the client does not take any action or does not otherwise object within ninety (90) days of receipt of the notice.

If a client cannot be given notice, the representation of that client may be transferred to the purchaser only upon entry of an order so authorizing by a court having jurisdiction. The seller may disclose to the court in camera information relating to the representation only to the extent necessary to obtain an order authorizing the transfer of a file.

(d) The fees charged clients shall not be increased by reason of the sale.

**RULE 1.20:  DUTIES TO PROSPECTIVE CLIENTS**

(a) A person who consults with or has had consultations with a lawyer about the possibility of forming a client-lawyer relationship with respect to a matter is a prospective client.

(b) Even when no client-lawyer relationship ensues, a lawyer who has had consultations with a prospective client shall not use or reveal information learned in the consultation(s), except as Rule 1.9 would permit with respect to information of a former client.

(c) A lawyer subject to paragraph (b) shall not represent a client with interests materially adverse to those of a prospective client in the same or a substantially related matter if the lawyer received information from the prospective client that could be significantly harmful to that person in the matter, except as provided in paragraph (d). If a lawyer is disqualified from representation under this paragraph, no lawyer in a firm with which that lawyer is associated may knowingly undertake or continue representation in such a matter, except as provided in paragraph (d).

(d) Representation is permissible if both the affected client and the prospective client have given informed consent, confirmed in writing, or:

      (1) the disqualified lawyer is timely screened from any participation in the matter and is apportioned no part of the fee therefrom; and

      (2) written notice is promptly given to the prospective client.

## RULE 2.1: ADVISOR

In representing a client, a lawyer shall exercise independent professional judgment and render candid advice. In rendering advice, a lawyer may refer not only to law but to other considerations such as moral, economic, social and political factors that may be relevant to the client's situation.

## RULE 2.2: EVALUATION FOR USE BY THIRD PERSONS

(a) A lawyer may provide an evaluation of a matter affecting a client for the use of someone other than the client if the lawyer reasonably believes that making the evaluation is compatible with other aspects of the lawyer's relationship with the client.
(b) When the lawyer knows or reasonably should know that the evaluation is likely to affect the client's interests materially and adversely, the lawyer shall not provide the evaluation unless the client gives informed consent.
(c) Except as disclosure is authorized in connection with a report of an evaluation, information relating to the evaluation is otherwise protected by Rule 1.6.

## RULE 2.3: LAWYERS SERVING AS THIRD-PARTY NEUTRAL

(a) A lawyer serves as a third-party neutral when the lawyer assists two or more persons who are not clients of the lawyer to reach a resolution of a dispute or other matter that has arisen between them. Service as a third-party neutral may include service as an arbitrator, settlement master, mediator or in such other capacity as will enable the lawyer to assist the parties to resolve the matter.
(b) A lawyer serving as a third-party neutral shall inform all parties that the lawyer is not representing them. The lawyer shall explain the difference between the lawyer's role as a third-party neutral and a lawyer's role as one who represents a client.

## ADVOCATE

## RULE 3.1: MERITORIOUS CLAIMS AND CONTENTIONS

(a) A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein:

(1) without having first determined through diligent investigation that there is a bona fide basis in law and fact for the position to be advocated;

(2) for the purpose of harassment, delay, advancement of a nonmeritorious claim or solely to gain leverage; or

(3) to extend, modify or reverse existing law unless a bona fide basis in law and fact exists for advocating doing so.

(b) A lawyer for the defendant in a criminal proceeding, or the respondent in a proceeding that could result in incarceration, may nevertheless so defend the proceeding as to require that every element of the case be established.

**RULE 3.2: EXPEDITING LITIGATION**

A lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client.

**RULE 3.3: CANDOR TOWARD THE TRIBUNAL**

(a) A lawyer shall not knowingly:

(1) make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer;

(2) fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel; or

(3) offer evidence that the lawyer knows to be false. If a lawyer, the lawyer's client, or a witness called by the lawyer has offered material evidence and the lawyer comes to know of its falsity, the lawyer shall take reasonable remedial measures, including, if necessary, disclosure to the tribunal. A lawyer may refuse to offer evidence, other than the testimony of a defendant in a criminal matter, that the lawyer reasonably believes is false.

(b) A lawyer who represents a client in an adjudicative proceeding and who knows that a person intends to engage, is engaging or has engaged in criminal or fraudulent conduct related to the proceeding shall take reasonable remedial measures, including, if necessary, disclosure to the tribunal.

(c) The duties stated in paragraphs (a) and (b) continue to the conclusion of the proceeding, and apply even if compliance requires disclosure of information otherwise protected by Rule 1.6.

(d) In an ex parte proceeding, a lawyer shall inform the tribunal of all material facts known to the lawyer that will enable the tribunal to make an informed decision, whether or not the facts are adverse.

**RULE 3.4: FAIRNESS TO OPPOSING PARTY AND COUNSEL**

A lawyer shall not:

(a) unlawfully obstruct another party's access to evidence, unlawfully alter, destroy or conceal a document or other material having potential evidentiary value, or counsel or assist another person to do any such act;

(b) falsify evidence, counsel or assist a witness to testify falsely, or offer an inducement to a witness that is prohibited by law;

(c) knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists;

(d) in pretrial procedure, make a frivolous discovery request or fail to make reasonably diligent effort to comply with a legally proper discovery request by an opposing party;

(e) in trial, allude to any matter that the lawyer does not reasonably believe is relevant or that will not be supported by admissible evidence, assert personal knowledge of facts in issue except when testifying as a witness, or state a personal opinion as to the justness of

a cause, the credibility of a witness, the culpability of a civil litigant or the guilt or innocence of an accused; or

(f) request a person other than a client to refrain from voluntarily giving relevant information to another party unless:

(1) the person is a relative or an employee or other agent of a client; and

(2) the lawyer reasonably believes that the person's interests will not be adversely affected by refraining from giving such information.

## RULE 3.5:  IMPARTIALITY AND DECORUM OF THE TRIBUNAL

A lawyer shall not:

(a) seek to influence a judge, juror, prospective juror or other official by means prohibited by law;

(b) communicate ex parte with such a person except as permitted by law; or

(c) engage in conduct intended to disrupt a tribunal.

## RULE 3.6:  TRIAL PUBLICITY

(a) A lawyer who is participating or has participated in the investigation or litigation of a matter shall not make an extrajudicial statement that the lawyer knows or reasonably should know will be disseminated by means of public communication and will have a substantial likelihood of materially prejudicing an adjudicative proceeding in the matter.

(b) Notwithstanding paragraph (a), a lawyer may state:

(1) the claim, offense or defense involved and, except when prohibited by law, the identity of the persons involved;

(2) information contained in a public record;

(3) that an investigation of a matter is in progress;

(4) the scheduling or result of any step in litigation;

(5) a request for assistance in obtaining evidence and information necessary thereto;

(6) a warning of danger concerning the behavior of a person involved, when there is reason to believe that there exists the likelihood of substantial harm to an individual or to the public interest; and

(7) in a criminal case, in addition to subparagraphs (1) through (6):

(i) the identity, residence, occupation and family status of the accused;

(ii) if the accused has not been apprehended, information necessary to aid in apprehension of that person;

(iii) the fact, time and place of arrest; and

(iv) the identity of investigating and arresting officers or agencies and the length of the investigation.

(c) Notwithstanding paragraph (a), a lawyer may make a statement that a reasonable lawyer would believe is required to protect a client from the substantial undue prejudicial effect of recent publicity not initiated by the lawyer or the lawyer's client. A statement made pursuant to this paragraph shall be limited to such information as is necessary to mitigate the recent adverse publicity.

(d) No lawyer associated in a firm or government agency with a lawyer subject to paragraph (a) shall make a statement prohibited by paragraph (a).

### RULE 3.7: LAWYER AS WITNESS
(a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:

> (1) the testimony relates to an uncontested issue;
> (2) the testimony relates to the nature and value of legal services rendered in the case; or
> (3) disqualification of the lawyer would work substantial hardship on the client.

(b) A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9.

### RULE 3.8: SPECIAL RESPONSIBILITIES OF A PROSECUTOR
The prosecutor in a criminal case shall:

(a) refrain from prosecuting a charge that the prosecutor knows is not supported by probable cause;

(b) make reasonable efforts to assure that the accused has been advised of the right to, and the procedure for obtaining, counsel and has been given reasonable opportunity to obtain counsel;

(c) not seek to obtain from an unrepresented accused a waiver of important pretrial rights, such as the right to a preliminary hearing;

(d) make timely disclosure to the defense of all evidence or information known to the prosecutor that tends to negate the guilt of the accused or mitigates the offense, and, in connection with sentencing, disclose to the defense and to the tribunal all unprivileged mitigating information known to the prosecutor, except when the prosecutor is relieved of this responsibility by a protective order of the tribunal;

(e) not subpoena a lawyer in a grand jury or other criminal proceeding to present evidence about a past or present client unless the prosecutor reasonably believes:

> (1) the information sought is not protected from disclosure by any applicable privilege;
> (2) the evidence sought is essential to the successful completion of an ongoing investigation or prosecution; and
> (3) there is no other feasible alternative to obtain the information;

(f) except for statements that are necessary to inform the public of the nature and extent of the prosecutor's action and that serve a legitimate law enforcement purpose, refrain from making extrajudicial comments that have a substantial likelihood of heightening public condemnation of the accused and exercise reasonable care to prevent investigators, law enforcement personnel, employees or other persons assisting or associated with the prosecutor in a criminal case from making an extrajudicial statement that the prosecutor would be prohibited from making under Rule 3.6 or this Rule consistent with the Confidential Criminal Justice Information Act.

**RULE 3.9: ADVOCATE IN NONADJUDICATIVE PROCEEDINGS**

A lawyer representing a client before a legislative body or administrative agency in a nonadjudicative proceeding shall disclose that the appearance is in a representative capacity and shall conform to the provisions of Rules 3.3(a) through (c), 3.4(a) through (c), and 3.5.

## OTHER THAN CLIENTS

**RULE 4.1: TRUTHFULNESS IN STATEMENT TO OTHERS**

In the course of representing a client a lawyer shall not knowingly:

(a) make a false statement of material fact or law to a third person; or

(b) fail to disclose a material fact to a third person when disclosure is necessary to avoid assisting a criminal or fraudulent act by a client, unless disclosure is prohibited by Rule 1.6.

**RULE 4.2: COMMUNICATION WITH PERSON REPRESENTED BY COUNSEL**

(a) In representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or a court order.

(b) An otherwise unrepresented person to whom limited representation is being provided or has been provided in accordance with Rule 1.2(c) is considered to be unrepresented for purposes of this Rule unless the opposing party or lawyer has been provided with a written notice of appearance under which, or a written notice of time period during which, he or she is to communicate only with the limited representation lawyer as to the subject matter within the limited scope of the representation.

**RULE 4.3: DEALING WITH UNREPRESENTED PERSON**

(a) In dealing on behalf of a client with a person who is not represented by counsel, a lawyer shall not state or imply that the lawyer is disinterested. When the lawyer knows or reasonably should know that the unrepresented person misunderstands the lawyer's role in the matter, the lawyer shall make reasonable efforts to correct the misunderstanding. The lawyer shall not give legal advice to an unrepresented person, other than the advice to secure counsel, if the lawyer knows or reasonably should know that the interests of such a person are or have a reasonable possibility of being in conflict with the interests of the client.

(b) An otherwise unrepresented person to whom limited representation is being provided or has been provided in accordance with Rule 1.2(c) is considered to be unrepresented for purposes of this Rule unless the opposing party or lawyer has been provided with a written notice of appearance under which, or a written notice of time period during which, he or she is to communicate only with the limited representation lawyer as to the subject matter within the limited scope of the representation.

**RULE 4.4: RESPECT FOR RIGHTS OF THIRD PERSONS**
(a) In representing a client, a lawyer shall not use means that have no substantial purpose other than to embarrass, delay or burden a third person, or use methods of obtaining evidence that violate the legal rights of such a person.
(b) A lawyer who receives a document or electronically stored information relating to the representation of the lawyer's client and knows or reasonably should know that the document or electronically stored information was inadvertently sent shall promptly notify the sender.

## LAW FIRMS AND ASSOCIATIONS

**RULE 5.1: RESPONSIBILITIES OF PARTNERS, MANAGERS, AND SUPERVISORY LAWYERS**
(a) A partner in a law firm, and a lawyer who individually or together with other lawyers possesses comparable managerial authority in a law firm, shall make reasonable efforts to ensure that the firm has in effect measures giving reasonable assurance that all lawyers in the firm conform to the Rules of Professional Conduct.
(b) A lawyer having direct supervisory authority over another lawyer shall make reasonable efforts to ensure that the other lawyer conforms to the Rules of Professional Conduct.
(c) A lawyer within a firm shall be responsible for another lawyer in the firm's violation of the Rules of Professional Conduct if:
>       (1) the lawyer orders or, with knowledge of the specific conduct, ratifies or ignores the conduct involved; or
>       (2) the lawyer is a partner or has comparable managerial authority in the law firm in which the other lawyer practices, or has direct supervisory authority over the other lawyer, and knows of the conduct at a time when its consequences can be avoided or mitigated but fails to take reasonable remedial action.

**RULE 5.2: RESPONSIBILITIES OF A SUBORDINATE LAWYER**
(a) A lawyer is bound by the Rules of Professional Conduct notwithstanding that the lawyer acted at the direction of another person.
(b) A subordinate lawyer does not violate the Rules of Professional Conduct if the lawyer acts in accordance with the supervisory lawyer's reasonable resolution of an arguable question of professional duty.

**RULE 5.3: RESPONSIBILITIES REGARDING NONLAWYER ASSISTANTS**
With respect to a nonlawyer employed or retained by or associated with a lawyer:
(a) a partner, and a lawyer who individually or together with other lawyers possesses comparable managerial authority in a law firm, shall make reasonable efforts to ensure that the firm has in effect measures giving reasonable assurance that the person's conduct is compatible with the professional obligations of the lawyer;

(b) a lawyer having direct supervisory authority over the nonlawyer shall make reasonable efforts to ensure that the person's conduct is compatible with the professional obligations of the lawyer; and

(c) a lawyer shall be responsible for conduct of such a person that would be a violation of the Rules of Professional Conduct if engaged in by a lawyer if:

> (1) the lawyer orders or, with the knowledge of the specific conduct, ratifies or ignores the conduct involved; or
>
> (2) the lawyer is a partner or has comparable managerial authority in the law firm in which the person is employed, or has direct supervisory authority over the person, and knows of the conduct at a time when its consequences can be avoided or mitigated but fails to take reasonable remedial action.

## RULE 5.4:  PROFESSIONAL INDEPENDENCE OF A LAWYER

(a) A lawyer or law firm shall not share legal fees with a nonlawyer, except that:

> (1) an agreement by a lawyer with the lawyer's firm, partner or associate may provide for the payment of money, over a reasonable period of time after the lawyer's death, to the lawyer's estate or to one or more specified persons;
>
> (2) a lawyer who purchases the practice of a deceased, disabled or disappeared lawyer may, pursuant to the provisions of Rule 1.19, pay to the estate or other representative of that lawyer the agreed-upon purchase price;
>
> (3) a lawyer or law firm may include nonlawyer employees in a compensation or retirement plan, even though the plan is based in whole or in part on a profit-sharing arrangement; and
>
> (4) a lawyer may share court-awarded legal fees with a nonprofit organization that employed, retained or recommended employment of the lawyer in the matter.

(b) A lawyer shall not form a partnership with a nonlawyer if any of the activities of the partnership consist of the practice of law.

(c) A lawyer shall not permit a person who recommends, employs or pays the lawyer to render legal services for another to direct or regulate the lawyer's professional judgment in rendering such legal services.

(d) A lawyer shall not practice with or in the form of a professional corporation or association authorized to practice law for a profit, if:

> (1) a nonlawyer owns any interest therein, except that a fiduciary representative of the estate of a lawyer may hold the stock or interest of the lawyer for a reasonable time during administration;
>
> (2) a nonlawyer is a corporate director or officer thereof or occupies the position of similar responsibility in any form of association other than a corporation; or
>
> (3) a nonlawyer has the right to direct or control the professional judgment of a lawyer.

**RULE 5.5:  UNAUTHORIZED PRACTICE OF LAW**
(a)  A lawyer shall not:

> (1) practice law in a jurisdiction where doing so violates the regulation of the legal profession in that jurisdiction; or
>
> (2) assist a person who is not a member of the bar in the performance of activity that constitutes the unauthorized practice of law.

(b)  A lawyer admitted in another jurisdiction, and not disbarred or suspended from practice in any jurisdiction, may provide legal services in this state to the lawyer's employer or its organizational affiliates provided that those legal services are not services for which Montana requires pro hac vice admission and, when provided by a foreign lawyer and requiring advice on the law of this or another jurisdiction of the United States, such advice shall be based upon the advice of a lawyer who is duly licensed and authorized by the jurisdiction to provide such advice.

For purposes of this subsection, the foreign lawyer must be a member in good standing of a recognized legal profession in a foreign jurisdiction, the members of which are admitted to practice as lawyers or counselors at law or the equivalent, and are subject to effective regulation and discipline by a duly constituted professional body or a public authority.

**RULE 5.6:  RESTRICTIONS ON RIGHT TO PRACTICE**
A lawyer shall not participate in offering or making:

(a) a partnership, shareholders, operating, employment, or other similar type of agreement that restricts the right of a lawyer to practice after termination of the relationship, except an agreement concerning benefits upon retirement; or

(b) an agreement in which a restriction on the lawyer's right to practice is part of the settlement of a client controversy.

**PUBLIC SERVICE**

**RULE 6.1:  PRO BONO PUBLICO SERVICE**
Every lawyer has a professional responsibility to provide legal services to those unable to pay. A lawyer should render at least fifty (50) hours of pro bono publico legal services per year. In fulfilling this responsibility, the lawyer should:

(a) provide a substantial majority of the fifty (50) hours of legal services without fee or expectation of fee to:

> (1) persons of limited means; or
>
> (2) charitable, religious, civic, community, governmental and educational organizations in matters that are designed primarily to address the needs of persons of limited means; and

(b) provide additional services through:

> (1) delivery of legal services at no fee or substantially reduced fee to individuals, groups or organizations seeking to secure or protect civil rights, civil liberties or public rights, or charitable, religious, civic, community, governmental and educational organizations in matters in furtherance of their organizational

purposes, where the payment of standard legal fees would significantly deplete the organization's economic resources or would be otherwise inappropriate;

(2) delivery of legal services at a substantially reduced fee to persons of limited means; or

(3) participation in activities for improving the law, the legal system or the legal profession.

In addition, a lawyer should voluntarily contribute financial support to organizations that provide legal services to persons of limited means.

## RULE 6.2: ACCEPTING APPOINTMENTS

A lawyer shall not seek to avoid appointment by a tribunal to represent a person except for good cause, such as:

(a) representing the client is likely to result in violation of the Rules of Professional Conduct or other law;

(b) representing the client is likely to result in an unreasonable financial burden on the lawyer; or

(c) the client or the cause is so repugnant to the lawyer as to be likely to impair the client-lawyer relationship or the lawyer's ability to represent the client.

## RULE 6.3:  MEMBERSHIP IN LEGAL SERVICES ORGANIZATION

A lawyer may serve as a director, officer or member of a legal services organization, apart from the law firm in which the lawyer practices, notwithstanding that the organization serves persons having interests adverse to a client of the lawyer. The lawyer shall not knowingly participate in a decision or action of the organization:

(a) if participating in the decision would be incompatible with the lawyer's obligations to a client under Rule 1.7; or

(b) where the decision could have a material adverse effect on the representation of a client of the organization whose interests are adverse to a client of the lawyer.

## RULE 6.4:  LAW REFORM ACTIVITIES AFFECTING CLIENT INTERESTS

A lawyer may serve as a director, officer or member of an organization involved in reform of the law or its administration notwithstanding that the reform may affect the interests of a client of the lawyer. When the lawyer knows that the interests of a client may be materially benefitted by a decision in which the lawyer participates, the lawyer shall disclose that fact but need not identify the client.

## RULE 6.5:    NONPROFIT AND COURT-ANNEXED LIMITED LEGAL SERVICES PROGRAMS

(a) A lawyer who, under the auspices of a program sponsored by a nonprofit organization or court, provides short-term limited legal services to a client without expectation by either the lawyer or the client that the lawyer will provide continuing representation in the matter:

(1) is subject to Rules 1.7 and 1.9(a) only if the lawyer knows that the representation of the client involves a conflict of interest; and

(2) is subject to Rule 1.10 only if the lawyer knows that another lawyer associated with the lawyer in a law firm is disqualified by Rule 1.7 or 1.9(a) with respect to the matter.

(b) Except as provided in paragraph (a)(2), Rule 1.10 is inapplicable to a representation governed by this Rule.

## INFORMATION ABOUT LEGAL SERVICES

### RULE 7.1: COMMUNICATIONS CONCERNING A LAWYER'S SERVICES

A lawyer shall not make a false or misleading communication about the lawyer or the lawyer's services. A communication is false if it contains a material misrepresentation of fact or law. A misleading communication includes, but is not limited to those that:

(a) omits a fact as a result of which the statement considered as a whole is materially misleading;

(b) is likely to create an unjustified expectation about results the lawyer can achieve;

(c) proclaims results obtained on behalf of clients, such as the amount of a damage award or the lawyer's record in obtaining favorable verdicts or settlements, without stating that past results afford no guarantee of future results and that every case is different and must be judged on its own merits;

(d) states or implies that the lawyer can achieve results by means that violate the Rules of Professional Conduct or other law;

(e) compares the quality of a lawyer's or a law firm's services with other lawyers' services, unless the comparison can be factually substantiated;

(f) advertises for a specific type of case concerning which the lawyer has neither experience nor competence;

(g) indicates an area of practice in which the lawyer routinely refers matters to other lawyers, without conspicuous identification of such fact;

(h) contains any paid testimonial about, or endorsement of, the lawyer without conspicuous identification of the fact that payments have been made for the testimonial or endorsement;

(i) contains any simulated portrayal of a lawyer, client, victim, scene, or event without conspicuous identification of the fact that it is a simulation;

(j) provides an office address for an office staffed only part time or by appointment only, without conspicuous identification of such fact;

(k) states that legal services are available on a contingent or no-recovery, no-fee basis without stating conspicuously that the client may be responsible for costs or expenses, if that is the case; or

(l) advertises for legal services without identifying the jurisdictions in which the lawyer is licensed to practice.

## RULE 7.2:  ADVERTISING

(a) Subject to the requirements of Rules 7.1 and 7.3, a lawyer may advertise services through written, recorded or electronic communication, including public media.

(b) A lawyer shall not give anything of value to a person for recommending the lawyer's services except that a lawyer may:

> (1) pay the reasonable costs of advertisements or communications permitted by this Rule;
>
> (2) pay the usual charges of a legal service plan or a not-for-profit lawyer referral service; and
>
> (3) pay for a law practice in accordance with Rule 1.19.

(c) Any communication made pursuant to this rule shall include the name and office address of at least one lawyer or law firm responsible for its content.

## RULE 7.3:  DIRECT CONTACT WITH PROSPECTIVE CLIENTS

(a) A lawyer shall not by in-person, live telephone or real-time electronic contact solicit professional employment from a prospective client when a significant motive for the lawyer's doing so is the lawyer's pecuniary gain, unless the person contacted:

> (1) is a lawyer; or
>
> (2) has a family, close personal, or prior professional relationship with the lawyer.

(b) A lawyer shall not solicit professional employment from a prospective client by written, recorded or electronic communication or by in-person, telephone or real-time electronic contact even when not otherwise prohibited by paragraph (a), if:

> (1) the prospective client has made known to the lawyer a desire not to be solicited by the lawyer;
>
> (2) the solicitation involves coercion, duress or harassment;
>
> (3) the lawyer knows or reasonably should know that the physical, emotional or mental state of the person is such that the person cannot exercise reasonable judgment in employing a lawyer; or
>
> (4) the lawyer reasonably should know that the person is already represented by another lawyer.

(c) Every written, recorded or electronic communication from a lawyer soliciting professional employment from a prospective client known to be in need of legal services in a particular matter shall include the words "Advertising Material" on the outside envelope, if any, and at the beginning and ending of any recorded or electronic communication, unless the recipient of the communication is a person specified in paragraphs (a)(1) or (a) (2).

(d) Notwithstanding the prohibitions in paragraph (a), a lawyer may participate with a prepaid or group legal service plan operated by an organization not owned or directed by the lawyer that uses in-person or telephone contact to solicit memberships or subscriptions for the plan from persons who are not known to need legal services in a particular matter covered by the plan. Lawyers who participate in a legal services plan must reasonably assure that the plan sponsors are in compliance with Rules 7.1, 7.2 and 7.3(b). See Rule 8.4(a).

**RULE 7.4:    COMMUNICATION OF FIELDS OF PRACTICE AND SPECIALIZATION**

(a) A lawyer may communicate the fact that the lawyer does or does not practice in particular fields of law. A lawyer may also communicate that his/her practice is limited to or concentrated in a particular field of law, if such communication does not imply an unwarranted expertise in the field so as to be false or misleading under Rule 7.1.

(b) A lawyer admitted to engage in patent practice before the United States Patent and Trademark Office may use the designation "Patent Attorney" or a substantially similar designation.

(c) A lawyer engaged in Admiralty practice may use the designation "Admiralty," "Proctor in Admiralty" or a substantially similar designation.

(d) A lawyer shall not state or imply that a lawyer is certified as a specialist in a particular field of law, unless:

>   (1) the lawyer has been certified as a specialist by an organization that has been approved by an appropriate state authority or that has been accredited by the American Bar Association; and

>   (2) the name of the certifying organization is clearly identified in the communication.

**RULE 7.5:  FIRM NAMES AND LETTERHEADS**

(a) A lawyer shall not use a firm name, letterhead or other professional designation that violates Rule 7.1. A trade name may be used by a lawyer in private practice if it does not imply a connection with a government agency or with a public or charitable legal services organization and is not otherwise in violation of Rule 7.1.

(b) A law firm with offices in more than one jurisdiction may use the same name or other professional (e.g., website) designation in each jurisdiction, but identification of the lawyers in an office of the firm shall indicate the jurisdictional limitations on those not licensed to practice in the jurisdiction where the office is located.

(c) The name of a lawyer holding a public office shall not be used in the name of a law firm, or in communications on its behalf, during any substantial period in which the lawyer is not actively and regularly practicing with the firm.

(d) Lawyers may state or imply that they practice in a partnership or other organization only when that is the fact.

### MAINTAINING THE INTEGRITY OF THE PROFESSION

**RULE 8.1:  BAR ADMISSION AND DISCIPLINARY MATTERS**

An applicant for admission to the bar, or a lawyer in connection with a bar admission application or in connection with a disciplinary matter, shall not:

(a) knowingly make a false statement of material fact; or

(b) fail to disclose a fact necessary to correct a misapprehension known by the person to have arisen in the matter, or knowingly fail to respond to a lawful demand for

information from an admissions or disciplinary authority, except that this Rule does not require disclosure of information otherwise protected by Rule 1.6.

## RULE 8.2:  JUDICIAL AND LEGAL OFFICIALS

(a) A lawyer shall not make a statement that the lawyer knows to be false or with reckless disregard as to its truth or falsity concerning the qualifications or integrity of a judge, adjudicatory officer or public legal officer, or of a candidate for election or appointment to judicial or legal office.

(b) A lawyer who is a candidate for judicial office shall comply with the applicable provisions of the code of judicial conduct.

## RULE 8.3:  REPORTING PROFESSIONAL MISCONDUCT

(a) A lawyer who knows that another lawyer has committed a violation of the Rules of Professional Conduct that raises a substantial question as to that lawyer's honesty, trustworthiness or fitness as a lawyer in other respects, shall inform the appropriate professional authority.

(b) A lawyer who knows that a judge has committed a violation of applicable code of judicial conduct that raises a substantial question as to the judge's fitness for office shall inform the appropriate authority.

(c) This Rule does not require disclosure of information otherwise protected by Rule 1.6 or information gained by a lawyer or judge while participating in an approved lawyers assistance program.

## RULE 8.4:  MISCONDUCT

It is professional misconduct for a lawyer to:

(a) violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another;

(b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;

(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;

(d) engage in conduct that is prejudicial to the administration of justice;

(e) state or imply an ability to influence improperly a government agency or official or to achieve results by means that violate the Rules of Professional Conduct or other law; or

(f) knowingly assist a judge or judicial officer in conduct that is a violation of applicable code of judicial conduct or other law.

## RULE 8.5:  JURISDICTION AND CERTIFICATION

A lawyer who is not an active member in good standing of the State Bar of Montana and who seeks to practice in any state or federal court located in this State pro hac vice, by motion, or before being otherwise admitted to the practice of law in this State, shall, prior to engaging in the practice of law in this State, certify in writing and under oath to this Court that, except as to Rules 6.1 through 6.4, he or she will be bound by these Rules of Professional Conduct in his or her practice of law in this State and will be subject to the

disciplinary authority of this State. A copy of said certification shall be mailed, contemporaneously, to the business offices of the State Bar of Montana in Helena, Montana.

A lawyer not admitted to practice in this State is subject to the disciplinary authority of this State for conduct that constitutes a violation of these Rules and that: (1) involves the practice of law in this State by that lawyer; (2) involves that lawyer holding himself or herself out as practicing law in this State; (3) advertises, solicits, or offers legal services in this State; or (4) involves the practice of law in this State by another lawyer over whom that lawyer has the obligation of supervision or control.

A lawyer shall not be subject to discipline if the lawyer's conduct conforms to the rules of a jurisdiction in which the lawyer reasonably believes the predominant effect of the lawyer's conduct will occur.